**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-19** |
| **JOHN E. BAGENT** | **SECTION" "B"** |

## ORDER AND REASONS

After careful review of an extensive record, several hearings, applicable law, and for reasons cited below, **IT IS ORDERED** that defendant John Bagent's motions for reduction of sentence and compassionate release are **DENIED**.[1]  Rec. Docs. 465, 467, 472, 482, 513.

On April 13, 2020, defendant filed a motion for sentence reduction under 18 U.S.C. section 3592(c)(1)(a) pursuant to the Cares Act concerning the Coronavirus Pandemic which are "extraordinary and compelling reasons to grant compassionate release." As basis, he alleges having chronic conditions of high-blood pressure requiring 25mg of hydrochlorothiazide, 15mg of Amlodipine, high cholesterol requiring 40mg of Pravastatin, borderline diabetes, a history of chest pains, and a case of bronchitis since the age of ten years. Defendant further alleges

---

[1] The motion to hold in abeyance motions for sentence reduction and compassionate release is dismissed as moot. Rec. Doc. 477

1

being immunocompromised because the conditions predispose him to potentially lethal complications if he contracts Covid-19. He also alleges an inability to provide self-care within the Yazoo Federal Correction Center because he is unable to practice effective social distancing and hygiene to minimize risk of exposure from Covid-19. He cites to being in a dormitory with 170 other inmates, including some who at one time tested positive for that illness.

To reduce a defendant's sentence on compassionate release grounds, pursuant to *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), the court must find:

(1) that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i); and

(2) that the reduction is consistent with the applicable sentencing factors set forth in § 3553(a).

Further, 18 U.S.C. § 3582(c)(1)(A)(i)'s use of extraordinary and compelling "capture[s] the truly exceptional cases that fall within no other statutory category" and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020).[2]

On September 28, 2011, defendant pled guilty to conspiracy to distribute and possession with intent to distribute 500 or more

---

[2] Consideration also was given to defendant's argument under the First Step Act.

grams of cocaine and 280 grams or more of cocaine base. On that same date, defendant also pled guilty to a charge to establish that he had a 1998 state court conviction and sentence of 15 years imprisonment for distribution of cocaine.  As part of a written plea agreement, the government did not file a charge to establish a second prior felony drug conviction that would have led to a mandatory life sentence.  The parties also stipulated to a prison sentence of 25 years or 300 months, subject to court review. Following a sentencing hearing on June 27, 2012, defendant received a downward-variance prison sentence of 225 months. He was 38 years old.

At the time of filing the subject motion for release, defendant was forty-six years old and completed about 137 months or about 60% of the 225 months prison sentence.  The Bureau of Prisons (BOP) has projected a release date of February 7, 2027. The government concedes that more than 30 days has passed since defendant's request for early release was sent to the FCC Yazoo City warden, without timely action on that request. Rec. Doc. 484.

The Center for Disease Control (CDC) revised guidelines stated that persons over age 65, and persons with certain underlying medical conditions, such as Type 1 or 2 diabetes, chronic kidney disease, chronic lung diseases, obesity and serious heart conditions, "can make you more likely to get very sick from COVID-19."  See  https://www.cdc.gov/coronavirus/2019-ncov/need-

3

extra-precautions/people-with-medical-conditions.html#:~:text=Older%20adults%20are%20at%20highest,18%2D29%20years. High cholesterol is not listed as a risk factor. While diabetes can involve a heightened risk of severe illness from COVID-19, defendant does not offer medical records showing that he has been diagnosed with and/or is receiving treatment for diabetes. Nor do the medical records from the BOP indicate any such diagnosis. His complaints about a knot in his lung and chronic bronchitis are likewise not supported by any medical records. While there's record that he occasionally complained of chest pain in 2019, a stress test was negative, with no finding of heart disease.[3] BOP records further show that defendant's hypertension and other reported conditions are being treated and managed by prison medical staff.

Based on the present record, defendant fails to show any impediment to managed health care or self-care while in prison. His feared exposure to Covid-19 in the Yazoo facility would not be mitigated by release from custody.[4] See in comparison *United States v. Sam*, 2020 WL 3415771, at *3 (EDLA June 22, 2020) and *United States v. Reed* 2020 WL 2850145, *5 (EDLA June 2, 2020); See

---

[3] Defendant's BOP medical records for 2019 and 2020 and joint designation of same relevant to the motion for reduction in sentence and for compassionate release (Rec. Doc. 489) have been submitted to and reviewed by the court along with all exhibits attached to defendant's *pro se* motion (Rec. Doc. 465). Rec. Docs. 484, 485-1, 490, 492, 495-2, 495-3.

[4] The BOP's FCC Yazoo City facility was reportedly at a low-level risk of Covid-19 exposures as of May 2021. See Rec. Doc. 509.

4

also *United States v. Godofsky*, 2020 WL 2188047 (EDKY May 5, 2020) (Motion was denied to a defendant suffering from high blood pressure, high cholesterol, asthma and took medications that weakened his immune system); *United States v. Aguila*, 2020 WL 1812159 (EDCA April 9, 2020) (Motion was denied to defendant suffering from diabetes, high blood pressure, high cholesterol, and sleep apnea); *United States v. Hull*, 2020 WL 2475639, at *2 (DCONN May 13, 2020) ("The mere existence of COVID-19 cases [at a prison] does not reflect that the BOP is incapable of managing the pandemic within its facilities."); *United States v. Cooper*, 2020 WL 3697944 (EDWA July 6, 2020) (Motion was denied to an inmate with history of strokes, hypertension, high blood pressure, and obesity). Additionally, defendant's risk of severe illness from Covid-19 has been substantially reduced since receiving the Pfizer Covid-19 vaccine in 2021.[5] *See United States v. Jones*, 2021 WL 1172537, at *2 (EDLA Mar. 29, 2021) (Compassionate release denied where defendant had successfully recovered from COVID-19 and was later fully vaccinated with the Pfizer vaccine).

To his credit, defendant has taken advantage of prison programs in an effort to develop better life skills and achieve effective reentry into the community upon his release from BOP

---

[5] See Rec. Doc. 509-1,2.

5

custody.[6] We also recognize that he has apparent support from family.

However, defendant's extensive criminal history involves multiple convictions for drug and firearm offenses, and instances where supervision while on probation or parole were revoked.[7] Additionally, defendant was on parole following state sentences of 15 years for distribution of cocaine and racketeering at the time committing the instant federal offenses.[8] Disturbingly also is defendant's conduct at the time of his arrest for instant offenses. While no formal charge was filed by the government, he fired several shots at law enforcement officials through a wall at his home as they were executing a warrant for his arrest.[9] The dangerousness of armed drug traffickers cannot be ignored and outweighs in this instance mitigation factors noted above. See *United States v. Barnes*, 2020 WL 3606354 (EDLA July 2, 2020), citing United States v. Hare, 873 F.2d

---

[6] Congress has specified that "[r]ehabilitation of the defendant **alone** shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). (Emphasis added). However, rehabilitative pursuits can still be considered **along with** other factors in assessing motions for sentence reduction and release.

[7] See Presentence Report (PSR), Rec. Doc. 336, pp. 19-22.

[8] Id., p. 22 at ¶112. It is expressly noted that the sentence at issue would be the same sentence we would impose under any subsequent change to the sentencing guidelines or applicable re-calculations of same.

[9] Id., p.16 at ¶83. Recent contentions to the contrary from the defense are not persuasive, coming well-beyond the time to object to the PSR; nor are we moved by similarly related efforts to attack state court convictions that have not been vacated or reversed. Rec. Doc. 502.

6

796, 798-99 (5th Cir. 1989) and *United States v. Daychild*, 357 F.3d 1081, 1100 (9th Cir. 2004).

Therefore, we find lacking here extraordinary and compelling reasons to warrant a reduction under § 3582(c)(1)(A)(i).  Also, for aforementioned reasons, we find that a reduced sentence would be inconsistent with the applicable sentencing factors set forth in 28 U.S.C. 3553(a).

New Orleans, Louisiana, this 19th day of July 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE